IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INSTALLATION SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04 C 6906 |
| | ) | |
| ELECTRONIC RESEARCH, INC., CROWN | ) | |
| CASTLE BROADCAST USA CORP., and | ) | |
| SHORENSTEIN REALTY SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case arises from a dispute surrounding arrangements to replace an old broadcast antenna atop the Hancock Building in Chicago with a new antenna used for broadcast by Channel 2, a local CBS television affiliate, and certain FM radio stations. Installation Services, Inc. claims that Shorenstein Realty Services, L.P., the owner of the Hancock Building, and its agent, Crown Castle Broadcast USA Corp., told ISI it would be awarded a contract to perform the antenna replacement and asked ISI to begin the preliminary engineering and design work required for the project. ISI alleges that some time after this, Crown Castle arranged for Electronics Research, Inc., a competitor of ISI, to check ISI's preliminary work. In December 2001, ISI was removed from the job, allegedly as a result of defamatory statements by ERI and Crown Castle to CBS and Shorenstein falsely indicating that ISI was unfit to perform the work.

ISI has sued Crown Castle, Shorenstein, and ERI for defamation and violation of the Lanham Act. ISI also seeks to be indemnified by Crown Castle and Shorenstein for a breach of

contract claim made by ERI against ISI in Illinois state court in connection with the work ERI performed to check ISI's work on the project.

Each of the defendants has moved to dismiss or for judgment on the pleadings as to various claims. For the reasons stated below, the Court dismisses the Lanham Act claim but denies the defendants' motions as to the remaining claims.

## Discussion

In ruling on a motion to dismiss, the Court looks at the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint that would entitle it to relief. *E.g., Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999).[1] In making this determination, the Court takes the complaint's allegations as true and draws reasonable inferences in the plaintiff's favor. *E.g., Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002).

### A. Lanham Act claim

Section 43(a)(1)(B) of the Lanham Act provides that any person who, "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic original or his or her or another person's goods, services, or commercial activities" is civilly liable to any person damaged by such acts. 15 U.S.C. § 1125(a)(1)(B). As best as the Court can determine, ISI's Lanham Act claim is made only against ERI. *See* Am. Compl. ¶ 5.

---

[1] Certain of the defendants' motions are motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The same standard indicated above applies to such motions. *See, e.g., Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).

2

ERI contends that the face-to-face communications alleged by ISI do not constitute "commercial advertising or promotion" as required to state a claim under the Lanham Act. The Seventh Circuit has stated that this term is to be construed in accordance with its plain meaning. *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 804 (7th Cir. 2001). ERI's alleged false statements to CBS, Shorenstein, and Crown Castle did not amount to "commercial advertising," which "is a form of promotion to anonymous recipients, as distinguished from face-to-face communication." *Id.* at 803. Nor did they constitute "commercial promotion" within the meaning of the Lanham Act. It appears from *First Health* that the Seventh Circuit reads this term as requiring the same or similar level of anonymity required for "commercial advertising," which was absent in this case. *See id.* at 804 (noting that in determining whether the defendant had engaged in "commercial advertising or promotion," the trial court "did not conduct the inquiry necessary to determine whether [defendant's actions] entailed promotional material disseminated to anonymous recipients."

Even were the Court to construe "commercial promotion" as encompassing a broader range of activities than "commercial advertising," *see Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002) (indicating that *First Health* "fails to define the term 'promotion' in any meaningful way"), it would not extend far enough to rope in the type of activity alleged by ISI. Other Circuits have held that to determine whether representations qualify as "commercial advertising or promotion" under the Lanham Act, they must involve commercial speech by a defendant, for the purpose of influencing customers to buy the defendant's goods or services, and "must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Coastal Abstract Service,*

*Inc. v. First Amer. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999); *see also, e.g., Fashion Boutique*, 314 F.3d at 56-58; *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273-74 (10th Cir. 2000); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996). As the Second Circuit stated in *Fashion Boutique*, "the touchstone ... is that the contested representations are part of an organized campaign to penetrate the relevant market. Proof of a widespread dissemination within the relevant industry is a normal concomitant of meeting this requirement." *Fashion Boutique*, 314 F.3d at 57.

ISI argues that the "relevant market" consists only of what it characterizes as the three major commercial television networks, CBS, ABC, and NBC, and that ERI's statements to one of the three participants in the market is enough to meet the Lanham Act's requirements. *See Coastal Abstract*, 173 F.3d at 735 (representation to one of the two or three market participants sufficient). The Court, however, agrees with ERI's argument that ISI's proposed definition of the market is at odds with its amended complaint, which reflects that ISI "specializes in tower and antenna installation work," Am. Compl. ¶ 1, as opposed to the far narrower definition it advocates in its response to the motion to dismiss, namely skyscraper rooftop television broadcast television antennas.

Even if the market were truly defined as narrowly as ISI now suggests, there is nothing to indicate that only CBS, NBC, and ABC participate in that specialized market, to the exclusion of local television stations and cable television broadcasters, not to mention radio stations (indeed, ISI alleges in the amended complaint that a section of the tower involved work for an FM radio group, *see* Am. Compl. ¶ 7). Moreover, in this day and age one can no longer reasonably define

the "market" of commercial television networks as including only CBS, ABC, and NBC; at a minimum, Fox, UPN, and WB also likely qualify.

In sum, the representations alleged by ISI fail to qualify as "commercial advertising or promotion" within the meaning of the Lanham Act. ISI therefore "must seek redress under state-law causes of action." *Fashion Boutique*, 314 F.3d at 57. Its Lanham Act claim is dismissed.

## B. Defamation claim

A one year statute of limitations applies to defamation actions in Illinois. 735 ILCS 5/13-201. The "discovery rule," under which the statute of limitations begins to run when the plaintiff knew or should have known of the defamatory statements, applies when, as in this case, the plaintiff was not present when the statements were made. *See, e.g., Maddie v. Siebel Systems, Inc.*, No. 04 C 3419, 2004 WL 2515827, *2 (N.D. Ill. Oct. 29, 2003); *Luttrell v. O'Connor Chevrolet, Inc.*, No. 01 C 979, 2001 WL 1105125, *6 (N.D. Ill. Sept. 19, 2001). *See Schweihs v. Burdick*, 96 F.3d 917, 921 (7th Cir. 1996) ("The courts seem to apply the discovery rule in situations where the defamatory material is published in a manner likely to be concealed from the plaintiff ....").

ISI's complaint gives no indication of when it knew or should have known of the alleged defamation. But ISI was under no obligation to plead such facts, because "a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark v. City Of Braidwood*, 318 F.3d 764, 767-768 (7th Cir. 2003). *See also Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005) ("[T]he period of limitations is an affirmative defense that a complaint need not address."). The plaintiff may plead itself out of court if it alleges facts demonstrating that the action is time-barred, but that is not the case where, as in this

5

case, the complaint is silent as to the date of the defamation's discovery. *Clark*, 318 F.3d at 767-68.

Crown Castle and ERI maintain that no matter when ISI might claim that it knew or should have known of the defamation, the time between the alleged defamation (before December 17, 2001) and the filing of this action (October 23, 2004) represents an unreasonable delay, evidencing lack of due diligence on ISI's part. It is true that a plaintiff must exercise due diligence to discover his injury and its cause. *See, e.g., Fries v. Northwestern Trans. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990); *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 1990). But the due diligence inquiry is "highly fact-sensitive," *Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine Arts, Inc.*, 917 F.2d 278, 289 (7th Cir. 1990), making its determination inappropriate on a motion to dismiss. In *Duke* and *Fries*, for example, the defendants identified specific facts indicating that the plaintiffs had not exercised due diligence. *See Duke*, 229 F.3d at 630; *Fries*, 909 F.2d at 1094. The same is not true in this case. At this stage of the litigation, there is no way to conclude beyond doubt that ISI knew or should have known of the defamation more than one year before it filed suit.

## C. Indemnity claim

ISI seeks indemnification from Crown Castle and Shorenstein for any judgment that ERI might obtain in its state court action against ISI. As there is no express agreement to indemnify, ISI's claim can succeed, if at all, only on a theory of implied indemnity. Illinois law recognizes implied tort indemnity and implied contractual indemnity.

Implied indemnity is available to a defendant held vicariously liable for the tortious acts of another. *See generally Richardson v. Chapman*, 175 Ill. 2d 98, 676 N.E.2d 621 (1997); *Faier*

*v. Ambrose & Crushing, P.C.*, 154 Ill. 2d 384, 609 N.E.2d 315 (1993); *Amer. Nat'l Bank and Trust Co. v. Columbus-Cuneo-Cabrini Med. Ctr.*, 154 Ill. 2d 347, 609 N.E.2d 285 (Ill. 1992). The defendants argue that there is no indication that ERI has sued ISI under a tort-based theory. Neither party has provided the Court with a copy of ERI's state court lawsuit. As best as the Court can determine from the sketchy description we have been given, it is likely that the state court suit is based largely, and perhaps entirely, on a contract-based theory of liability. If so, implied indemnity in tort would be unavailable. But ISI indicates that ERI has made a claim for "unjust enrichment." Unjust enrichment claims most commonly are contract-based, but they do sometimes sound in tort. *See Peddinghaus v. Peddinghaus*, 295 Ill. App. 3d 943, 949, 692 N.E.2d 1221, 1225 (1998). Without knowing more about the state court case, the Court cannot say that it is clear beyond doubt that tort-based indemnity is unavailable to ISI.

"Under the doctrine of implied contractual indemnity, where one party's breach of contract causes a second party to breach a separate contract with a third party, the second party may shift its contractual liability to the first party." *Zielinski v. Chris W. Knapp & Son*, 277 Ill. App. 3d 735, 740, 660 N.E.2d 1289, 1293 (1995). ISI appears to assert a claim of promissory estoppel, a contract-based claim, against Shorenstein and Crown Castle. Though ISI evidently denies that it had a contract with ERI, ERI claims otherwise, and until the state court litigation has been determined the Court cannot say that it is clear that no contract existed. Under the circumstances, ISI may be able to establish facts that show that the breach by Crown Castle and Shorenstein caused the breach of the purported contract between ISI and ERI. That being the case, dismissal under Rule 12(b)(6) is inappropriate.

## Conclusion

For the reasons stated above, the Court grants ERI's motion for partial judgment on the pleadings regarding ISI's Lanham Act claim [docket # 23-1] but denies ERI's motion for partial judgment on the pleadings regarding the defamation claim [# 29-1], Crown Castle's motion to dismiss the defamation claim [# 24], Crown Castle's motion to dismiss the indemnity claim[# 14-1], and Shorenstein's motion to dismiss [# 18-1]. The defendants are directed to answer the claims that remain within ten days of this order. The case is set for a status hearing on April 5, 2005 at 9:30 a.m. for the purpose of discussing the possibility of settlement.

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge

Date:   March 21, 2005